# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>SARAH MAY BUTTS,<br><br>      Defendant. | Case No. 3:21-cr-00071-SLG-MMS |

## ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 114 is Defendant Sarah May Butts' Motion for Compassionate Release. The Government filed a response in opposition at Docket 122. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 120.

On April 11, 2023, this Court sentenced Ms. Butts to 66 months' imprisonment after she pled guilty to Distribution of Controlled Substances.[1] Ms. Butts is currently in Bureau of Prisons custody and incarcerated at Aliceville FCI; her projected release date is October 21, 2025.[2] Her motion represents that she is eligible for home detention on July 27, 2025.[3] Ms. Butts seeks an order reducing

---

[1] Docket 108 at 1-2.

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed June 7, 2024).

[3] Docket 114 at 5.

her sentence to time served and placing her on supervised release.[4]  For the reasons below, the Court denies Ms. Butts' motion.

## I. Applicable Law

The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[5]  If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits.  To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons," as set forth in the applicable policy statements issued by the Sentencing Commission, and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a sentence reduction.[6]  Although a district court must make both findings "before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."[7]

Following a November 1, 2023, amendment to the Sentencing Guidelines, the policy statement at U.S.S.G. § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," applies to both BOP-filed and defendant-filed

---

[4] Docket 114 at 11.

[5] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[6] 18 U.S.C. § 3582(c).

[7] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

Case No. 3:21-cr-00071-SLG-MMS, *United States v. Butts*
Order Re Motion for Compassionate Release
Page 2 of 9
Case 3:21-cr-00071-SLG-MMS   Document 123   Filed 06/10/24   Page 2 of 9

compassionate release motions.[8] "Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement and the requirement that 'rehabilitation alone' is not extraordinary and compelling."[9] The Court is thus bound by the policy statement when considering any compassionate release motion.[10]

Pursuant to the Sentencing Guidelines, one "extraordinary and compelling reason" for release is "[t]he death or incapacitation of the caregiver of the defendant's minor child."[11] An extraordinary and compelling reason may also be shown where the defendant is the only available caregiver for a parent who has

---

[8] *See* U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2023) ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . .") (emphasis added); *id.* supplement to app. C, amend. 814 (U.S. Sent'g Comm'n 2023) (changing § 1B1.13(a) language to include defendant-filed motions and noting that this November 1, 2023, amendment made the policy statement applicable to defendant-filed motions).

[9] *United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (alteration omitted) (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

[10] This is in contrast to previous Ninth Circuit case law, which held that while the policy statement at U.S.S.G. § 1B1.13 "may inform a district court's discretion," it was not binding on a district court considering a defendant-filed compassionate release motion. This was because the § 1B1.13 policy statement at that time applied only to BOP-filed compassionate release motions. *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021); *see also Chen*, 48 F.4th at 1095 (noting that, in *Aruda*, the Ninth Circuit "determined that the Sentencing Commission's [then] current policy statement, which [was] applicable to motions filed by the BOP Director, [did] not also apply to defendant-filed motions for compassionate release, and thus, there [was] no applicable policy statement binding the district court's consideration of extraordinary and compelling reasons" in a case where the defendant filed a compassionate release motion).

[11] U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(A).

Case No. 3:21-cr-00071-SLG-MMS, *United States v. Butts*
Order Re Motion for Compassionate Release
Page 3 of 9
Case 3:21-cr-00071-SLG-MMS   Document 123   Filed 06/10/24   Page 3 of 9

become incapacitated.[12] The Sentencing Guidelines also include a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[13]

The Sentencing Guidelines policy statement further provides that, while rehabilitation alone is insufficient to show an extraordinary and compelling reason for a sentence reduction, rehabilitation may "be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[14]

## II. Exhaustion of Administrative Rights

An inmate has exhausted her administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release.[15] Ms. Butts submitted a request for compassionate release to the warden in December 2023, which was more than 30 days ago.[16]

---

[12] U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(C).

[13] *Id.* § 1B1.13(b)(5).

[14] *Id.* § 1B1.13(d).

[15] 18 U.S.C. § 3582(c)(1)(A).

[16] Docket 114 at 5; Docket 114-1 at 6-8, 13-17.

Case No. 3:21-cr-00071-SLG-MMS, *United States v. Butts*
Order Re Motion for Compassionate Release
Page 4 of 9
Case 3:21-cr-00071-SLG-MMS   Document 123   Filed 06/10/24   Page 4 of 9

The Government contends that Ms. Butts has failed to exhaust her administrative remedies because she did not submit additional information as enumerated by the warden in his response to her request for release.[17] However, 18 U.S.C. § 3582(c)(1)(A) provides that a court can consider a sentence reduction "upon motion of the defendant after . . . the lapse of 30 days from the receipt of [a request for release] by the warden" after considering the 18 U.S.C. § 3553(a) factors and whether an extraordinary and compelling reason warrants a sentence reduction. Because 30 days have lapsed since the warden received Ms. Butts' request for release, the Court may consider Ms. Butts' motion on the merits.

The Government also maintains that Ms. Butts' instant motion contains grounds for compassionate release that were not presented to the warden in her request; specifically, the grounds of prison conditions and her rehabilitation.[18] However, the document that Ms. Butts identified as her request to the warden mentions prison conditions.[19] There is also a document in the record signed by Ms. Butts that mentions her rehabilitation.[20] The note is undated and unaddressed, and it is unclear whether it was submitted to the warden. However, considering that Ms. Butts concluded the letter with "Thank you for your

---

[17] Docket 122 at 5-6.

[18] Docket 122 at 6.

[19] *See* Docket 114 at 5 (citing Docket 114-1 at 16 (describing issues receiving medication and medical treatment, staff shortages, and treatment by prison officials)).

[20] Docket 114-1 at 7.

Case No. 3:21-cr-00071-SLG-MMS, *United States v. Butts*
Order Re Motion for Compassionate Release
Page 5 of 9
Case 3:21-cr-00071-SLG-MMS   Document 123   Filed 06/10/24   Page 5 of 9

compassionate consideration," and included her Bureau of Prisons register number in her signature, it is likely that Ms. Butts submitted this request for release to the warden.[21] Therefore, the Court finds that Ms. Butts' has exhausted her administrative remedies and the Court will consider the motion on its merits.

### III. Extraordinary and Compelling Reasons

Ms. Butts submits that extraordinary and compelling grounds warrant a sentence reduction: the "more punitive and less rehabilitative" conditions at FCI-Dublin, Ms. Butts' former institution, "than was contemplated at sentencing," the alleged incapacitation of Ms. Butts' mother, who is the legal guardian of one of Ms. Butts' two minor sons; and Ms. Butts' "substantial rehabilitative progress."[22]

First, conditions of confinement are not enumerated as extraordinary and compelling reasons for compassionate release in the Sentencing Guidelines.[23] And the Court finds that the conditions at FCI Dublin do not constitute an extraordinary and compelling reason for release under the catchall provision, particularly since Ms. Butts has been moved to a new facility; as a result, the conditions at FCI Dublin are not similar in gravity to the Sentencing Guidelines' enumerated extraordinary and compelling reasons for release.[24]

---

[21] Docket 114-1 at 3, 7.

[22] Docket 114 at 2-3, 6, 10; Docket 114-1 at 6.

[23] *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)-(d).

[24] *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(5).

Case No. 3:21-cr-00071-SLG-MMS, *United States v. Butts*
Order Re Motion for Compassionate Release
Page 6 of 9
Case 3:21-cr-00071-SLG-MMS   Document 123   Filed 06/10/24   Page 6 of 9

Next, Ms. Butts describes that her mother has "severe and worsening medical conditions," including "vision issues; skin cancer; arthritis in her spine, hands, and knees; and vertigo," and has a limited ability to drive and move around independently.[25] Ms. Butts' mother is the legal guardian of one of Ms. Butts' minor sons, ages 13 and 14, and Ms. Butts maintains that her mother is "ill equipped to care for herself, [and] she is unable to care for and participate fully in her two grandsons' upbringing."[26] Ms. Butts contends that she "is the only immediate family member who can provide continuous support."[27]

The Court finds that Ms. Butts has not established that her mother is incapacitated. While the record shows that Ms. Butts' mother has serious medical issues that limit her ability to drive and cause her discomfort, the record does not support a finding that Ms. Butts' mother "is unable to carry on any self-care."[28] Because the Court finds that Ms. Butts' mother is not incapacitated, Ms. Butts has

---

[25] Docket 114 at 2; Docket 114-1 at 6-7; Docket 115 (sealed medical records of Ms. Butts' mother).

[26] Docket 114 at 3. Ms. Butts' other teenaged son lives with Ms. Butts' niece. Docket 114-1 at 8.

[27] Docket 114 at 3.

[28] *United States v. Nishida*, Case No. CR 19-00107 HG-01, 2023 WL 6216911, at *2 (D. Haw. Sept. 25, 2023). *See also United State[s] v. Garcia-Lizarraga*, Case No. 20-CR-2053-LAB-1, 2024 WL 1626330, at *2 (S.D. Cal. Apr. 15, 2024) ("[Defendant] fails to show that his mother is incapacitated. Although tasks may be difficult for her, the record doesn't establish she's been rendered incapable of caring for his child.").

Case No. 3:21-cr-00071-SLG-MMS, *United States v. Butts*
Order Re Motion for Compassionate Release
Page 7 of 9
Case 3:21-cr-00071-SLG-MMS   Document 123   Filed 06/10/24   Page 7 of 9

not established an extraordinary and compelling reason based on family circumstances.[29]

Finally, the Court has also considered Ms. Butts' post-sentencing rehabilitation.[30] Ms. Butts is commended for her clean disciplinary history and her substantial coursework. However, pursuant to the Sentencing Guidelines, rehabilitation, by itself, is not an extraordinary and compelling reason, and Ms. Butts has not otherwise established that any extraordinary and compelling reason—alone or in combination—warrants a reduction in her sentence.[31] Accordingly, the Court denies her motion.

### IV. Section 3553(a) Factors

Because Ms. Butts has not made a threshold showing of extraordinary and compelling reasons for a reduction in sentence, the Court need not determine whether the § 3553(a) factors weigh in favor of a sentence reduction.[32] The Court notes that the Probation Office recommended denying the instant motion after reviewing Ms. Butts' current circumstances.[33]

---

[29] *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(A), (C) (requiring the "incapacitation" of either the "caregiver of the defendant's minor child" or "the defendant's parent").

[30] Docket 114-1 at 2-5.

[31] *See* U.S. Sent'g Guidelines Manual § 1B1.13(d).

[32] "Although a district court must perform [the § 3582(c)(1)(A)] sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." *Keller*, 2 F.4th at 1284 (emphases in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

[33] Docket 120 at 3 (sealed).

Case No. 3:21-cr-00071-SLG-MMS, *United States v. Butts*
Order Re Motion for Compassionate Release
Page 8 of 9
Case 3:21-cr-00071-SLG-MMS   Document 123   Filed 06/10/24   Page 8 of 9

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motion for Compassionate Release at Docket 114 is **DENIED**.

DATED this 10th day of June, 2024, at Anchorage, Alaska.

<u>/s/ Sharon L. Gleason</u><br>
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cr-00071-SLG-MMS, *United States v. Butts*
Order Re Motion for Compassionate Release
Page 9 of 9
Case 3:21-cr-00071-SLG-MMS   Document 123   Filed 06/10/24   Page 9 of 9